**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

IN RE:                                                      )
                                                           )
Austin Myles Reiter                                        )          Case No.
                                                           )
                          debtor(s).                       )

**MOTION FOR ORDER APPROVING FEES OF DEBTOR'S ATTORNEY**
**PURSUANT TO LOCAL RULE 2016-2(D)**

COMES NOW the debtor, by and through the undersigned attorney, and state as follows:

1. The undersigned attorney represents the debtors in this case filed under chapter 13 on April 30, 2023.

2. This Court has not approved any previous application for pre-confirmation fees in this case.

3. This is an above median case with an applicable "no look" fee of $4,600 under Local Rule 2016-2(B).

4. Local Rule 2016-2(D) requires the debtor's attorney to file an application to approve the terms of an agreement providing for fees that exceed the "no look" amount provided under Local Rule 2016-2(B).

5. The undersigned attorney agreed to represent the debtors in this chapter 13 case for a flat fee of $ 5,375.00 based upon the information known at the initial consultation.

6. The circumstances of this case justify a fee exceeding the "no look" because of the time required to document, disclose, and treat seven different secured claims and information about the debtor's business. The debtor has self employment income that had to be documented in a profit and loss statement created by the undersigned attorney. That sole proprietorship also had two lease purchase agreements that had to be reviewed to determine the actual nature of the agreement and proper treatment under the chapter 13 plan. Those claims were determined to be security agreements secured by woodworking equipment that was difficult to value. Four of those secured claims are held by Community America Credit Union, including one claim being paid to value under Section 506 and one with collateral being surrendered. Aside from the time already spent on due diligence in this case, the undersigned attorney expects additional time beyond the scope of a typical chapter 13 case dealing with objections and amendments in order to obtain confirmation.

7. In the event that the time needed to obtain confirmation exceeds 150% of the projected time included under the flat fee, hourly fees will be charged for the time that exceeds 150% of the flat fee at the rate detailed in the fee agreement including $300 for attorney Jeppson, $200 for associate attorneys, $150 for paralegals, and $100 or less for legal assistants and other staff.

8.  The agreement also provides for a flat $236 to pay for credit counseling, credit reports, service of the chapter 13 plan, credit repair courses, and other costs incurred on behalf of the debtor.

9.  The fee agreement, including calculation of the flat fee, is attached as an exhibit to this motion.

10. The Jeppson Law Office has spent at least 12.1 hours on this case as of the date of this motion.

11. The fees requested for the above described services are reasonable under § 329 because the services provided were necessary for the representation of the debtors in these matters. The rate is appropriate given the complexity of the issues, the amount of time spent, and the reasonable attempt to reduce the fees by delegating appropriate tasks to staff and associates billed at a lower rate while under the supervision of Mr. Jeppson who is certified as a consumer bankruptcy specialist.

WHEREFORE, the debtor requests this Honorable Court enter an order approving the flat fee of $ 5,375.00 for services and $ 236.00 for costs contemplated under the fee agreement between the debtor and the Jeppson Law Office.

Respectfully submitted,

/s/ Joseph C, Jeppson, VI
Jeppson Law Office, LLC
5716 N Broadway St
Gladstone, MO 64118
(T) (816) 472-1655
(F) (816) 472-1661
Info@JeppsonLawOffice.com
Attorney for the Debtor(s)

**NOTICE OF MOTION**

Any response to this motion must be filed with the Clerk of the United States Bankruptcy Court within twenty one (21) days of this notice pursuant to local rule 9013-1C.  Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov.  Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO  64106.  Pursuant to local rule 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem.  The Court will serve such response electronically on the Trustee, the debtor's attorney and all other parties to the case who have registered for electronic filing.  Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court.  Notice of such hearing will be provided to all parties in interest.  If no response is filed within twenty one (21) days, the Court will enter an order.

For information about electronic filing, go to www.mow.uscourts.gov or call the Court's HELP line at (800) 466-9302.



## CHAPTER 13
### CONTRACT FOR LEGAL SERVICES

1. This agreement with ___Austin Reiter___ is for representation in a chapter 13 bankruptcy. A case filed under chapter 13 is the type of bankruptcy that allows an individual with regular income to create a Court-supervised payment plan to restructure the terms and agreements with existing creditors. Chapter 13 allows a debtor to keep property and pay debts over time, usually three to five years.

   In a chapter 13, we will propose a payment plan that tells the Court what is going on and what you want to do about it. The Court appoints a trustee to administer the plan. You make one monthly payment to the trustee and he makes the monthly payments on your house, car, taxes, and anybody else getting paid under your plan.

   The confirmation order is the Court order that makes your chapter 13 plan the law of your case and authorizes the trustee to make those payments.

2. **ATTORNEY FEES AND COSTS THROUGH INITIAL CONFIRMATION OF YOUR CHAPTER 13 PLAN:**

   a. The flat fee for services from now through confirmation of your chapter 13 plan is $__5,375__
   b. You will pay a required Court filing fee of $ 313 .
   c. You will pay for other required expenses including copy and postage for the service of your chapter 13 plan, credit reports, ad required credit counseling. The cost is $236 for individuals and $286 for joint cases.
   d. The flat fee is calculated based on the required time projected to obtain confirmation of your plan. This fee will be reassessed after completing due diligence and prior to filing and adjusted up or down, based on the circumstances as they are understood at that time.
   e. We will track our time through confirmation at the rate of $300.00 for attorney Jeppson, $200.00 for associate attorneys, $150.00 for paralegals, and $100.00 or less for legal assistants and other staff.
   f. If the time needed to get your plan confirmed exceeds 150% of the projected time included under the flat fee, hourly fees will be charged for that time that exceeds 150% of the flat fee. E.g. if the flat fee is $4,000 and it takes $7,000 of time to get your plan confirmed, we will only request an additional $1,000.
   g. If your case is dismissed before your chapter 13 plan is confirmed, any funds being held by the trustee will be used to pay the outstanding balance of attorney fees.
   h. The work on your case will be performed by attorneys or non-attorneys under the supervision of an attorney.

3. **PAYMENTS BEFORE FILING**

   a. _____ Attorney fees
   b. _____ Court filing fee
   c. _____ Other costs

   d. $5,375 attorney + $236 costs to be paid by the trustee as an administrative expense

4. **ATTORNEY FEES AND COSTS AFTER INITIAL CONFIRMATION OF YOUR CHAPTER 13 PLAN:**

   a. If additional work is required, additional fees and costs will be charged. In most cases, the additional fees will be paid by the trustee later on as administrative expenses in your plan.
   b. Additional fees will usually be the flat fee listed on the attached local rule, but may also be charged at the hourly rates listed in 2(e) above if the work required to represent you exceeds the scope of the flat fee.

5. **TIMING**
   a. You will sign this agreement within 5 days
   b. You will provide the documents and information needed to file your case within 30 days
   c. We will schedule your filing date as soon as we have the required documents and information.
   d. Your case will not be filed until the agreed amount of attorney fees and costs are paid in full.
   e. This agreement will expire if your case cannot be filed within 12 months.

700 E. 8th St, #300 Kansas City, MO  64106 • (816) 472-1655 • www.jeppsonlawoffice.com



# CHAPTER 13
## CONTRACT FOR BANKRUPTCY SERVICES

6. **THIS AGREEMENT DOES NOT INCLUDE:**
   a. Services unrelated to this bankruptcy case;
   b. Adversary proceedings;
   c. Appeals; or
   d. Conversion from one type of bankruptcy to another.

7. **YOUR ATTORNEY AGREES TO:**
   a. Meet with you to review your situation and continue to advise you about your developing options;
   b. Keep you informed of the progress of your case and timely respond to your questions;
   c. Prepare and file the petition, schedules, amendments, and any related documents which may be required;
   d. Represent you at the meeting of creditors and any other necessary hearings; and
   e. Anything else that may become necessary during the course of this case.

8. **YOU AGREE TO:**
   a. Provide any necessary documents and information requested by your attorney, the trustee, or the court;
   b. Attend any appointments, hearings, or other appearances as may become necessary;
   c. Timely respond to all communication and let us know if your address, phone, or email changes;
   d. Make all payments described in this agreement and the chapter 13 plan;
   e. Complete the personal financial management course within 45 days of the meeting of creditors; and
   f. Follow your attorney's advice and instructions regarding this case.

9. **TERMINATION OF OUR REPRESENTATION**
   a. Representation terminates at the end of your case whether by successful completion or dismissal and we also reserve the right to terminate representation before your case is filed or petition the court to withdraw as counsel after your case is filed if:
      i. You are abusive or disrespectful to our staff;
      ii. You don't sign this agreement within 5 days;
      iii. You fail to promptly provide the documents and information required to prepare your case for filing;
      iv. You fail to follow advice of counsel; or
      v. You provide false or incomplete information or fail to disclose material facts.

10. **MISCELLANEOUS:**
    a. You may cancel at any time and get a refund of unearned funds.
    b. A flat fee of $425 is earned for opening your file plus $250/mo for file maintenance and time spent collecting documents and preparing your case to be filed with the Court.
    c. Refunds will be issued no less than 30 days after cancellation.
    d. The Jeppson Law Office will keep only electronic copies of all documents. Those electronic documents will be kept indefinitely and are available, upon request, at any time.
    e. We agree to keep your information confidential. You agree, however, that we may release limited information, otherwise privileged or confidential, if we believe that the release of the information will benefit you.

Signed: _____    Date: 04/30/2023 _____

Signed: _____    Date: _____

Signed: _____    Date: _____
Jeppson Law Office, LLC



**LOCAL RULES OF PRATICE UNITED STATES BANKRUTPCY COURT
WESTERN DISTRICT OF MISSOURI**

**Rule 2016-2. Debtor's Attorney's Fee Agreements and Allowance of Compensation for Services Rendered and Reimbursement of Expenses in Chapter 13 Cases.**

**E. Post-Confirmation Attorney Fees and Expenses in Chapter 13 Cases.**

**1. Post-Confirmation Allowed "No Look" Fees.** Additional attorney fees, if any, for post-confirmation services may be allowed according to the flat fee schedule set out in this rule without the need for itemization. Any deviation from this schedule shall be by motion made to the Court, supported by detailed time and expense records pursuant to Paragraph D.2.

Amendments to Schedules - $200
Amendments to Schedules I & J with Business Attachments - $250
Case closing fees and expenses - $250
Defense of Motions for Relief from the Automatic Stay - $350
Defense of Motions to Dismiss - $250
Filing Proofs of Claim on behalf of creditors - $200
Motions for Emergency Hearing - $150
Motion for Order requesting substantive relief - $250
Motions for Payoff of Chapter 13 Plan - $150
Motions for Relief from Stay (divorce) - $250
Motions to Approve Permanent Home Mortgage Modification - $250
Motions to Approve Settlement/Allow Use of Settlement - $250
Motions to Approve Trial Home Mortgage Modification - $250
Motions to Avoid Lien or Avoid Judgment - $250
Motions to Distribute Insurance Proceeds - $250
Motions to Employ Counsel/Professional - $250
Motions to Incur Additional Debt - $350
Motions to Retain Tax Refund Greater than $2,500 - $250
Motions to Suspend or Abate Payments - $250
Motions to Sell Property - $350
Motions to Vacate or Set Aside Order - $250
Objections to a Notice of Payment Change or a Notice of Fees, Expenses, and Charges - $250
Objections to Proofs of Claim - $250
Obtaining Confirmation of Amended Plan - $350
Response to Trustee's Motion (not listed above) - $150
Review of a Notice of Payment Change or a Notice of Fees, Expenses, and Charges (without filing an objection) - $50
Review of and providing income tax returns to the trustee - $150
With hearing (when any of the authorized menu items require a hearing) - $200

**2. Case Closing Fees and Expenses.** At any time after the plan is confirmed but before the case is closed, the debtor's attorney may apply for $250 in case closing fees and expenses pursuant to L.R. 2016-2(E). The $250 is meant to cover all fees and expenses associated with the closing of a Chapter 13 case. If the case is converted or dismissed, debtor's attorney must either (1) promptly refund the $250 to the debtor(s) and certify to the Court that the funds have been returned; provided that if there is the possibly that the case will be reinstated, the attorney may hold the $250 for up to 30 days pending reinstatement; (2) in a case converted to a Chapter 7, if the attorney is owed unpaid fees, and the debtor(s) has agreed, the attorney is to certify that the $250 has been applied to the outstanding balance and file an amended Disclosure of Compensation of Attorney for Debtor(s) to show the $250 has been applied; or (3) in a case that is dismissed, if the attorney is owed unpaid fees, and the debtor(s) has agreed, apply to the Court for approval of the $250 to be applied to the outstanding balance.

**3. Post Confirmation Expenses.** Debtor's attorney may also request reimbursement for expenses, in addition to the above fee schedule, at the rate of up to $0.25 per copy and any postage costs that debtor's attorney incurs. Debtor's attorney must include the number of copies, the postage rate, and the number of items mailed in the request for post-confirmation fees.

**4. Service and Notice of Post Confirmation Fees and Expenses.** Debtor's attorney seeking payment of flat fees pursuant to this rule shall file with the court a motion (See Local Form - MOW 2016-1.2) identifying the services provided and stating that the services are for post-confirmation work. Such motion shall be served on the debtor, the trustee, the United States Trustee, and parties who requested notice, with 21 days after service to object. Motions for post-confirmation fees in excess of $1,000 must be noticed to all creditors pursuant to L.R. 2016-3. If no objections are filed, the court may enter an order as to such fees without further hearing.



# Austin Reiter

Estimated investment through confirmation

| | | | |
|---|---|---|---|
| Court Filing Fee | | 313 | 313 |
| | | | |
| Costs | | 69 | 69 |
| Credit Counseling | | | |
| 3 Source Credit Report | | | |
| Additional for joint credit report | | 50 | |
| Postage to serve each creditor | | | |
| Additional for more than 50 addresses | | 100 | |
| Basic Rate | | 3250 | 3250 |
| Gathering documents and information, planning, advising, drafting, and all other matters under the fee agreement | | | |
| Emergency Filing | | | |
| Filing incomplete emergency petition | | 350 | |
| Not a regular filing date | | 250 | |
| Filing fee paid in installments | 1 | 125 | 125 |
| Motion to extend the automatic stay | | 250 | |
| Income | | | |
| Wages from employment | 2 | 150 | 300 |
| Other income like child support, SSDI, etc | | 100 | |
| Self-employed | | 350 | |
| Above median | 1 | 500 | 500 |
| Real Estate | | | |
| Rents residence | | 75 | |
| Owns residence | 1 | 275 | 275 |
| 2nd mortgage | | 125 | |
| Owns other real estate | | 275 | |
| Owns real estate free of liens | | 150 | |
| Vehicles | | | |
| Owns vehicle | 2 | 200 | 400 |
| Surrender vehicle | | 125 | |
| Leases vehicle | | 125 | |
| Owns vehicle free of liens | | 75 | |
| Accounts | | | |
| Each bank account | 2 | 25 | 50 |
| Bank account closed after consultation | | 50 | |
| Retirement | 1 | 75 | 75 |
| Other property | | | |
| Property with secured debt | | 200 | |
| Claim against 3rd party | | 250 | |
| Business | 1 | 300 | 300 |
| Business (closed) | | 125 | |
| Property belonging to somebody else | | 100 | |
| Debt | | | |
| Tax debt | | 250 | |
| determination of dischargeability | | 500 | |
| unfiled or recently filed tax returns | | 75 | |
| Child support | | 150 | |
| Non-consumer debt | | 500 | |
| Adding creditors after filing (includes filing fee) | | 182 | |
| Enforcing the Automatic Stay | | | |
| Lawsuits | | 100 | |
| Garnishments | | 150 | |
| Foreclosures | | 100 | |
| Avoiding liens | | 250 | |
| Chapter 13 Plan | | | |
| Student loans | 1 | 100 | 100 |
| Cramdown of secured loan | | 250 | |
| Stepped payment | | 250 | |
| Liquidation Analysis Pot | | 500 | |
| Amendment due to change or undisclosed fact | | 350 | |
| Surrendered property | | 75 | |
| Other | | | |
| Missing appointment w/o rescheduling | | 125 | |
| More than 2 document appointments | | 250 | |
| Miss filing date w/o rescheduling | | 350 | |
| 2nd Meeting of Creditors | | 200 | |
| Motion to dismiss before confirmation | | 250 | |
| Filing objection to claim | | 250 | |
| Attending Court Appearance | | 200 | |
| Amendments to schedules | | 200 | |
| Motion to extend a deadline | | 125 | |
| Recover preference payments | | 1/2 recovery | |
| Other services not listed | | hourly | |
| | | | |
| | | Costs | 382 |
| Costs and fees may go up or down | | | |
| based on changes in your circumstances | | Fees | 5375 |
| | | | |
| | | Total | **5757** |



# CHAPTER 13
EXPECTED TIMELINE

**February - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | | | | |

**March - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

DOCUMENTS DEADLINE
1-2 weeks before filing

FILING

**April - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

MEETING OF CREDITORS
1 month after filing

**May - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

PAYMENTS
to attorney until filing
to trustee after filing

**June - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

**July - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

**August - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

**September - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

**October - 2023**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

!JLO13

# Reiter, Austin  (Time & Materials)

📅 Start date: 06 Apr 2023



| Total hours | Budget remaining | Internal costs | Uninvoiced amount |
|---|---|---|---|
| **12.10** | No budget is set on this project. | **$69.00** | **$2,581.50** |
| Billable **11.70** | | Time **$0.00** | |
| Non-billable **0.40** | | Expenses **$69.00** | |

**Tasks**   Team   Invoices

## All time

| Billable tasks | Hours | Billable amount | Costs |
|---|---|---|---|
| Documents - collection and due diligence for initial filing | 5.20 | $652.50 | $0.00 |
| Meeting - review and sign petition | 2.00 | $600.00 | $0.00 |
| Drafting - Petition Prep | 1.50 | $360.00 | $0.00 |
| Attorney time | 1.40 | $420.00 | $0.00 |
| Drafting final plan, petition, and supporting documents and sending for signature | 0.80 | $240.00 | $0.00 |
| Communication - Client | 0.50 | $150.00 | $0.00 |
| Drafting - application for compensation | 0.30 | $90.00 | $0.00 |
| Additional services not included in flat fee | 0.00 | $0.00 | $0.00 |
| Case Status | 0.00 | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| Certificate of mailing - reviewing matrix, pleadings, verifying correct recipient and address, drafting and filing certificate of service | 0.00 | $0.00 | $0.00 |
| Communication - 341 letter sent to debtor and documents prepared and transmitted to trustee | 0.00 | $0.00 | $0.00 |
| Communication - Creditor | 0.00 | $0.00 | $0.00 |
| Communication - Other | 0.00 | $0.00 | $0.00 |
| Communication - Trustee | 0.00 | $0.00 | $0.00 |
| Documents - additional requests after filing | 0.00 | $0.00 | $0.00 |
| Drafting | 0.00 | $0.00 | $0.00 |
| Drafting - petition review | 0.00 | $0.00 | $0.00 |
| Drafting fee agreement and sending for signature | 0.00 | $0.00 | $0.00 |
| Hearing | 0.00 | $0.00 | $0.00 |
| Hearing - 341 | 0.00 | $0.00 | $0.00 |
| Hearing - motion docket | 0.00 | $0.00 | $0.00 |
| Meeting - Consultation | 0.00 | $0.00 | $0.00 |
| Meeting - debriefing client after 341 | 0.00 | $0.00 | $0.00 |
| Meeting - in office | 0.00 | $0.00 | $0.00 |
| Meeting - no show | 0.00 | $0.00 | $0.00 |
| Meeting - preparing client for 341 | 0.00 | $0.00 | $0.00 |
| Meeting - remote meeting | 0.00 | $0.00 | $0.00 |
| Meeting - scheduled call | 0.00 | $0.00 | $0.00 |
| Mortgage modification | 0.00 | $0.00 | $0.00 |
| motion docket status/review | 0.00 | $0.00 | $0.00 |
| Other | 0.00 | $0.00 | $0.00 |
| Recover preference payments | 0.00 | $0.00 | $0.00 |
| Research or draft response | 0.00 | $0.00 | $0.00 |
| Review file before hearing | 0.00 | $0.00 | $0.00 |
| Review tax returns | 0.00 | $0.00 | $0.00 |

| Travel | 0.00 | $0.00 | $0.00 |
|---|---|---|---|
| **Total** | 11.70 | **$2,512.50** | **$0.00** ⚠ |

| Non-billable tasks | Hours | Billable amount | Costs |
|---|---|---|---|
| Admin - setup | 0.40 | $0.00 | $0.00 |
| Admin | 0.00 | $0.00 | $0.00 |
| Non-billable time | 0.00 | $0.00 | $0.00 |
| **Total** | 0.40 | **$0.00** | **$0.00** |